# United States Department of Justice

United States Attorney
Southern District of West Virginia

| | |
|---|---|
| Robert C. Byrd United States Courthouse<br>300 Virginia Street, East<br>Suite 4000<br>Charleston, WV 25301<br>1-800-659-8726 | Mailing Address<br>Post Office Box 1713<br>Charleston, WV 25326<br>304-345-2200<br>FAX: 304-347-5104 |

July 15, 2019

Connor D. Robertson
Weston Robertson
2939 Virginia Avenue, Suite 2010
Hurricane, WV 25526


FILED
JUL 29 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

    Re:  United States v. Conner Ray Blevins
          Criminal No. 3:19-cr-00132 (USDC SDWV)

Dear Mr. Robertson:

    This will confirm our conversations with regard to your client, Conner Ray Blevins (hereinafter "Mr. Blevins"). As a result of these conversations, it is agreed by and between the United States and Mr. Blevins as follows:

    1.  **PENDING CHARGES.** Mr. Blevins is charged in a two-count indictment as follows:

        (a)  Count One charges Mr. Blevins with a violation of 18 U.S.C. § 2423(b) (travel for purpose of engaging in illicit sexual conduct); and

        (b)  Count Two charges Mr. Blevins with a violation of 18 U.S.C. §§ 2251(a) and (e) (production of child pornography).

    2.  **RESOLUTION OF CHARGES.** Mr. Blevins will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. §§ 2251(a) and (e). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:19-cr-00132 as to Mr. Blevins.

                                                                         *CRB*
                                                                     Defendant's
                                                                       Initials

Connor D. Robertson
July 15, 2019                                    Re: Conner Ray Blevins
Page 2

    3.    **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Blevins will be exposed by virtue of this guilty plea is as follows:

    (a)    Imprisonment for a period of at least 15 and up to 30 years;

    (b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)    A term of supervised release of 5 years to life;

    (d)    A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and, should Mr. Blevins be found to be non-indigent, $5,000 pursuant to 18 U.S.C. § 3014 for offenses under Chapter 110 of Title 18 where the offense was committed on or after May 29, 2015 through September 30, 2019; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Mr. Blevins has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Blevins agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Blevins understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victims in this case for full amount of the victims' losses. Mr. Blevins further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Blevins

*CRB*
_____
Defendant's Initials

Connor D. Robertson
July 15, 2019                       Re: Conner Ray Blevins
Page 3

further agrees as follows:

(a) Mr. Blevins agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Blevins will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Blevins agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Blevins agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Mr. Blevins agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Blevins to pay a greater or lesser sum of restitution in accordance with law.

_CRB_
Defendant's Initials

Connor D. Robertson
July 15, 2019                                  Re: Conner Ray Blevins
Page 4

      6.    **ABANDONMENT OF PROPERTY**. Mr. Blevins hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized on or about October 6, 2018, that is, one Samsung Galaxy J7 cell phone, model SM-J727U, IMEI #357162085756564; one Samsung Galaxy J7 cell phone, model SM-J700T1, IMEI #358442070186616; one Lenovo laptop computer with serial number PF0EL17X; and one Western Digital Blue 1,000 GB laptop hard drive, serial number WXF1A95F0H49. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

      7.    **PAYMENT OF MONETARY PENALTIES**. Mr. Blevins authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Blevins agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Blevins further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Blevins authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Blevins shall pay all monies received from any source other than earned

*CRB*
_____
Defendant's
Initials

Connor D. Robertson
July 15, 2019                                          Re: Conner Ray Blevins
Page 5

income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Blevins agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

8. **COOPERATION.** Mr. Blevins will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Blevins may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Blevins, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Blevins for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Blevins for perjury or false statement if such a situation should occur pursuant to this agreement.

_CRB_
Defendant's
Initials

Connor D. Robertson
July 15, 2019                                  Re: Conner Ray Blevins
Page 6


11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Blevins stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Blevins agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Blevins or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Blevins knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Blevins understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Blevins agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2G2.1

Base offense level                                          32

*CRB*
Defendant's
Initials

Connor D. Robertson
July 15, 2019                           Re: Conner Ray Blevins
Page 7

    Minor Under Age 12                                          + 4

    Commission of Sexual Contact/Sexual Act     + 2

    Use of Computer                                             + 2

    The United States and Mr. Blevins reserve the right to address the Court as to the applicability of the enhancements for the victim being in defendant's care, custody and control, as set forth at USSG §2G2.1(b)(5), and for a pattern of prohibited sexual conduct, as set forth at USSG §4B1.5(b). The United States and Mr. Blevins further acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Blevins knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Blevins also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 18 U.S.C. § 2251(a), is unconstitutional, and (2) Mr. Blevins' conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. § 2251(a).

    The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may

                                                                               *CRB*
                                                                          Defendant's
                                                                          Initials

Connor D. Robertson
July 15, 2019                                Re: Conner Ray Blevins
Page 8

appeal any sentence that is below the minimum penalty, if any, prescribed by statute.
      Mr. Blevins also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

      The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

      14.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Blevins knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

      15.  **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Blevins understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Blevins understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Blevins further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status.  Mr. Blevins understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

      16.  **FINAL DISPOSITION.** The matter of sentencing is within

                                              _____CRB_____
                                              Defendant's
                                              Initials

Connor D. Robertson  
July 15, 2019                                        Re: Conner Ray Blevins  
Page 9

the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

    (a)    Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)    Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)    Respond to questions raised by the Court;

    (d)    Correct inaccuracies or inadequacies in the presentence report;

    (e)    Respond to statements made to the Court by or on behalf of Mr. Blevins;

    (f)    Advise the Court concerning the nature and extent of Mr. Blevins's cooperation; and

    (g)    Address the Court regarding the issue of Mr. Blevins's acceptance of responsibility.

    17.  **VOIDING OF AGREEMENT.** If either the United States or Mr. Blevins violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    18.  **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Blevins in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Blevins in any Court other than the United States District Court for the Southern District of West Virginia.

_CRB_  
Defendant's Initials

Connor D. Robertson
July 15, 2019                                           Re: Conner Ray Blevins
Page 10


        Acknowledged and agreed to on behalf of the United States:

                                MICHAEL B. STUART
                                United States Attorney

                        By:     /s/ Jennifer Herrald
                                JENNIFER RADA HERRALD
                                Assistant United States Attorney


I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement.  I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

_____              _7/16/19_____
Conner Ray Blevins                          Date Signed
Defendant

_____              _7/16/19_____
Connor D. Robertson                         Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:19-cr-00132

**CONNER RAY BLEVINS**

## STIPULATION OF FACTS

The United States and CONNER RAY BLEVINS stipulate and agree that the facts comprising the offense of conviction (Count Two in the Indictment in the Southern District of West Virginia) and relevant conduct include the following:[1]

Samsung cellular telephones are manufactured outside the state of West Virginia and therefore have traveled in interstate or foreign commerce if they are possessed in West Virginia.

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

Between approximately September 23, 2018 and October 15, 2018, I engaged in communications with two minors (Minor Female 1 and her twin sister, Minor Female 2) via Facebook Messenger. Very early during these conversations I was made aware that both Minor

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to CONNER RAY BLEVINS and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

**PLEA AGREEMENT EXHIBIT A**

Females were 11 years old. During this Facebook correspondence, I engaged in numerous sexually-explicit conversations with Minor Female 2, including via live video chats. It was planned that I would travel from my home in Vinton, Virginia to the location of the minors in Mason County, West Virginia, on or about October 5, 2018. At the time that I traveled on October 5, 2018, I was traveling for the purpose of engaging in sexual intercourse with one or both minors, and I had discussed the possibility of engaging in sexual intercourse with both minors, including a discussion with Minor Female 1 about my bringing condoms.

I arrived near the minors' home in Mason County, West Virginia, late in the evening on October 5, 2018. The minors, who had snuck out of their home, met me at my car, and I drive them to a hotel at or near Hurricane, Putnam County, West Virginia. That night I engaged in sexual intercourse with both Minor Female 1 and Minor Female 2. Prior to engaging in sexual intercourse shortly after midnight on October 6, 2018, and while I was alone in the hotel room, I surreptitiously set up a Samsung cell phone in the room, aiming it at the bed. Minor Female 1 then entered the room, and I engaged in sexual intercourse with her. A video was recorded and saved on my cell phone depicting the sexual activity between myself and Minor Female 1. I was aware at the time that Minor Female 1 had not had an intervening birthday and was still 11 years old.

**PLEA AGREEMENT EXHIBIT A**
2

Stipulated and agreed to:

_____      7/16/19
CONNER RAY BLEVINS                Date
Defendant

_____      7/16/19
CONNOR D. ROBERTSON            Date
Counsel for Defendant

_____      7-29-19
JENNIFER RADA HERRALD          Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
3